# PABLO ANDRADES *v.* COMMISSIONER OF CORRECTION
## (AC 28133)

Flynn, C. J., and Gruendel and Lavine, Js.

Argued January 10—officially released June 17, 2008

*Elio C. C. Morgan,* special public defender, for the appellant (petitioner).

*Mitchell S. Brody,* senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Jo Anne Sulik,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Pablo Andrades, appeals from the judgment of the habeas court dismissing his second amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly rejected his claims that his trial counsel had rendered ineffective assistance by failing (1) to file an application for sentence review properly, (2) to obtain a Spanish language interpreter at trial and (3) to ensure that the petitioner was competent throughout the trial. We agree only with the petitioner's first claim and, therefore, reverse in part and affirm in part the judgment of the habeas court.[1]

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. In 2000,

[1] The court, in a thoughtful decision, addressed the petitioner's eight claims, some of which included subclaims; on appeal, the petitioner briefed but three. We therefore limit our review to the claims set forth in the petitioner's appellate brief.

the petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a and carrying a pistol without a permit in violation of General Statutes § 29-35 (a). The court thereafter sentenced the petitioner to a total effective term of fifty years imprisonment. The petitioner's conviction was upheld on appeal. *State* v. *Andrades*, 68 Conn. App. 905, 793 A.2d 299, cert. denied, 260 Conn. 909, 795 A.2d 545 (2002).

On September 16, 2005, the petitioner filed a second amended petition for a writ of habeas corpus, in which he raised multiple claims of ineffective assistance of trial counsel, Kevin Barrs. In his prayer for relief, the petitioner requested, inter alia, that his sentence review rights be reinstated. A habeas trial was held on April 18 and May 19, 2006. On August 31, 2006, the court dismissed the petition, finding that the petitioner had failed to satisfy his burden of proving ineffective assistance of counsel. The court subsequently granted the petition for certification to appeal to this court, and this appeal followed. Additional facts will be set forth as necessary.

Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citation omitted; internal quotation marks omitted.) *Henderson* v. *Commissioner of Correction*, 80 Conn. App. 499, 503, 835 A.2d 1036 (2003), cert. denied, 267 Conn. 918, 841 A.2d 1190 (2004).

"In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States

Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." (Internal quotation marks omitted.) *Nieves* v. *Commissioner of Correction*, 92 Conn. App. 534, 536, 885 A.2d 1268 (2005), cert. denied, 277 Conn. 903, 891 A.2d 2 (2006).

"The first part of the *Strickland* analysis requires the petitioner to establish that . . . counsel's representation fell below an objective standard of reasonableness considering all of the circumstances. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .

"Turning to the prejudice component of the *Strickland* test, [i]t is not enough for the [petitioner] to show that the errors [made by counsel] had some conceivable effect on the outcome of the proceeding. . . . Rather, [the petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . When a [petitioner] challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." (Citation omitted; internal quotation marks omitted.) *Bova* v. *Commissioner of Correction*, 95 Conn. App. 129, 135, 894 A.2d 1067, cert. denied, 278 Conn. 920, 901 A.2d 43 (2006). With these principles in mind, we address in turn each of the petitioner's claims.

I

We first address the petitioner's claim that the court improperly concluded that Barrs did not provide ineffective assistance by failing to file properly an application for sentence review pursuant to General Statutes § 51-195.[2] We agree with the petitioner.

At the habeas hearing, the petitioner, in response to questions concerning his sentence review application, testified that Barrs had informed him that he would take care of the paperwork necessary to file the sentence review application. In a similar vein, Barrs stated that it was his practice to file an application for sentence review on behalf of his clients when he filed a motion for a waiver of fees and costs to appeal. Although Barrs testified as to his belief that he had applied for sentence review in the petitioner's case, he acknowledged that he did not have a copy of that application in his file,

[2] General Statutes § 51-195 provides: "Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement, file with the clerk of the court for the judicial district in which the judgment was rendered an application for review of the sentence by the review division. Upon imposition of sentence or at the time of revocation of such suspended sentence, the clerk shall give written notice to the person sentenced of his right to make such a request. Such notice shall include a statement that review of the sentence may result in decrease or increase of the term within the limits fixed by law. A form for making such application shall accompany the notice. The clerk shall forthwith transmit such application to the review division and shall notify the judge who imposed the sentence. Such judge may transmit to the review division a statement of his reasons for imposing the sentence, and shall transmit such a statement within seven days if requested to do so by the review division. The filing of an application for review shall not stay the execution of the sentence."

nor did he have any documentation reflecting that the application had been filed with the court. The petitioner stated that the sentence review division had not reviewed his sentence. Likewise, Barrs testified that, although the sentence review division usually would contact him about a pending sentence review, he was never informed of a sentence review concerning the petitioner by the sentence review division. Moreover, Barrs stated that he never inquired about the status of the petitioner's sentence review.

Following the hearing, the court issued a memorandum of decision in which it determined that it was the petitioner's "responsibility to follow through with a request for sentence review and not that of his attorney." The court, therefore, concluded that the petitioner had not satisfied his burden of proving that Barrs was ineffective with respect to the sentence review application. On March 19, 2008, this court, sua sponte, ordered an articulation. In response, the habeas court indicated that it had inferred that Barrs had undertaken to file the application for sentence review on behalf of the petitioner.

On the basis of our plenary review, we conclude, contrary to the habeas court, that the petitioner satisfied both prongs of the *Strickland* test as to his claim of ineffective assistance pertaining to the filing of the application for sentence review. First, it is undisputed that the petitioner never had his sentence reviewed by the sentence review division. With respect to the court's determination that the petitioner failed to demonstrate that Barrs' representation fell below an objective standard of reasonableness because it was the petitioner's responsibility to apply for sentence review, we conclude that such a conclusion is not legally or logically correct, nor does it find support in the facts that appear

in the record. See *Sadler* v. *Commissioner of Correction*, 100 Conn. App. 659, 661, 918 A.2d 1033, cert. denied, 285 Conn. 901, 938 A.2d 593 (2007).

In so concluding, we find instructive our Supreme Court's discussion in *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 712 A.2d 947 (1998), concerning claims of ineffective assistance of counsel with respect to sentence review. "Under article first, § 8, of the Connecticut constitution and the sixth and fourteenth amendments to the United States constitution, the petitioner had a right to the effective assistance of counsel with respect to access to sentence review. '[T]he sentencing process is a critical stage of a criminal trial.' *Consiglio* v. *Warden*, 153 Conn. 673, 676, 220 A.2d 269 (1966). Accordingly, an indigent criminal defendant has a constitutional right to appointed counsel at sentence review. Id., 676. The right to counsel at sentence review would be meaningless unless it also implied the right to effective assistance of such counsel. See *Lozada* v. *Warden*, [223 Conn. 834, 838–39, 613 A.2d 818 (1992)]. *It would equally be meaningless if it were not afforded at the time when invocation of sentence review is at issue.*" (Emphasis added.) *James L.* v. *Commissioner of Correction*, supra, 144.

In the present case, as the court indicated in its articulation, Barrs had undertaken to ensure that the application for sentence review was filed properly on behalf of the petitioner, and this finding is supported by the evidence, namely, the testimony given by the petitioner and by Barrs. In light of this finding and *James L.*, the court therefore could not have concluded properly that it was the petitioner's responsibility to apply for sentence review. See id. Because Barrs had undertaken to apply for sentence review, the petitioner had a right to the effective assistance of counsel with respect to the sentence review application. See id. Nevertheless, the petitioner never had his sentence reviewed, and Barrs,

having undertaken the responsibility of filing the application for sentence review, had an obligation to represent the petitioner effectively and to ensure that the application was filed properly. As a result, the petitioner was prejudiced because he was denied the right to have his sentence reviewed. Accordingly, we conclude that the petitioner satisfied his burden of proving a claim of ineffective assistance under *Strickland,* and he is entitled to have his right to sentence review restored. See id., 148.

## II

The petitioner next claims that the court improperly concluded that he failed to prove his claim of ineffective assistance with respect to the need for a Spanish language interpreter during the criminal trial. The petitioner argues that he needed the assistance of an interpreter during trial in order to understand the nature of his rights and the criminal proceedings and that, therefore, Barrs was ineffective in failing to provide the petitioner with an interpreter. We disagree.

"Our Supreme Court [in *State* v. *Munoz,* 233 Conn. 106, 132, 659 A.2d 683 (1995)] has held that continuous translations are required at trial when a non-English speaking defendant cannot understand or appreciate the proceedings. . . . Elaborating on this principle, the court has stated that under appropriate circumstances, a [non-English speaking] defendant's [constitutional rights] . . . may be violated if he is not provided with [an] . . . interpreter . . . [for] the testimony of English speaking witnesses and interpreting between him and his English speaking counsel during the testimony of all witnesses . . . . The court has cautioned, however, that [a] critical factual underpinning of these constitutional requirements . . . is that the defendant has so limited an understanding or ability to speak English that his ability to comprehend the proceedings

and to communicate with his counsel is significantly impaired, adding that the basic constitutional inquiry is whether [the failure to provide an interpreter throughout the entire trial] made the trial fundamentally unfair . . . and the failure to provide continuous, word-for-word translation will require a new trial only upon such a showing of fundamental unfairness." (Citations omitted; internal quotation marks omitted.) *Rodriguez* v. *Commissioner of Correction*, 57 Conn. App. 550, 553–54, 749 A.2d 657 (2000).

We conclude that under this standard and given the facts as found by the habeas court, Barrs' failure to obtain a Spanish language interpreter at trial did not deprive the petitioner of any constitutional rights. The record indicates that although the petitioner's primary language is Spanish, he also understands and communicates with others in English. At the habeas proceedings, the petitioner testified, through an interpreter, that he understands English "[m]ore or less" but that he has difficulty comprehending certain legal concepts in English. When the petitioner attended school, he was in bilingual classes as well as classes that were taught in English. The petitioner further stated that during the competency examinations he underwent prior to trial, the medical professionals communicated with him in English.

At the habeas trial, Barrs testified that during his representation, which occurred over a period of one and one-half years, he communicated with the petitioner in English. In addition, Barrs stated that he met with the petitioner on approximately twenty occasions and that the petitioner spoke in English at these meetings. Barrs also testified that the petitioner never indicated that he was unable to understand English or what transpired in the courtroom. Barrs acknowledged that the petitioner may have had some difficulty comprehending complex legal terms; however, Barrs stated that he had explained

these matters to the petitioner in a way that he could understand.

On the basis of this testimony at the habeas trial, as well as transcripts from the underlying criminal trial reflecting that the petitioner had conferred with Barrs, the habeas court determined that the petitioner failed to establish that Barrs' performance was lacking because he did not obtain a Spanish language interpreter. Specifically, the court found that "the petitioner understands the English language" and also that there was "no credible evidence that the petitioner had any difficulty understanding what was being said at trial." The court therefore determined that it was "not necessary to have an interpreter assisting the petitioner in translation during the trial." After reviewing the parties' briefs and the record, we conclude that the findings of the court are not clearly erroneous. Furthermore, we conclude that the court's legal conclusion that the petitioner was not deprived of the constitutional right to the effective assistance of counsel was correct legally and logically.

## III

The petitioner finally claims that the court improperly failed to conclude that Barrs rendered ineffective assistance by not ensuring that the petitioner was competent throughout the criminal trial.[3] We disagree.

The crux of the petitioner's argument is that Barrs was ineffective in failing to request additional competency evaluations pursuant to General Statutes § 54-56d.[4] In support of his claim, the petitioner, in his post-trial brief to the habeas court and in his appellate brief,

---

[3] In his second amended petition, the petitioner alleged that Barrs "failed to investigate the petitioner's mental competency at the time trial actually began," "failed to ensure [that] the petitioner was mentally competent throughout the entire trial process" and "did not conduct sufficient investigation into mental health issues the petitioner faced during the trial."

[4] General Statutes § 54-56d provides in relevant part: "(a) Competency required. Definition. A defendant shall not be tried, convicted or sentenced

referred to a comment made by Barrs during jury selection in which he stated that the petitioner was having difficulty concentrating.[5]

The following testimony and evidence was presented at the hearing on the petitioner's habeas petition. Barrs testified that shortly after commencing representation of the petitioner, he made a request to the trial court for an examination of the petitioner to determine his competency. The court granted the request, and, subsequently, James Phillips, a physician, evaluated the petitioner and, in a July 26, 1999 report, concluded that the petitioner was "able to understand the proceedings against him and [was] able to assist in his defense." Phillips' report was submitted to the trial court on August 24, 1999. Barrs then requested additional time so that another competency examination could be conducted. Thereafter, in September, 1999, Kenneth S. Robson, a physician, conducted an examination of the petitioner. Barrs' testimony at the habeas trial indicated that Robson, following an evaluation of the petitioner, had found the petitioner to be competent. Robson had noted in his report that the petitioner "appeared to understand the nature of the proceedings against him and appeared clearly able to assist in his own defense."

Subsequently, on September 19, 1999, Barrs waived a competency hearing,[6] and the case continued. Barrs

while the defendant is not competent. For the purposes of this section, a defendant is not competent if the defendant is unable to understand the proceedings against him or her or to assist in his or her own defense. . . .

"(c) Request for examination. If, at any time during a criminal proceeding, it appears that the defendant is not competent, counsel for the defendant or for the state, or the court, on its own motion, may request an examination to determine the defendant's competency. . . ."

[5] The record indicates that during jury selection, Barrs stated that the petitioner had problems concentrating the previous day "because he was so tired," but that the petitioner had "[gotten] a good night's sleep . . . and [felt] a lot better . . . ."

[6] The petitioner also claims for the first time on appeal that Barrs provided ineffective assistance when he waived the competency hearing under § 54-56d (e). Because this claim was not raised in the habeas court, and, therefore,

testified that during his multiple meetings with the petitioner in the months preceding the commencement of jury selection,[7] the petitioner was focused and able to concentrate. In addition, Barrs testified that he "didn't have any problems with [the petitioner] during jury selection."[8] Barrs' testimony indicated that although he had been concerned about the petitioner's competency when he first met the petitioner, he noticed that over the course of his representation, the petitioner improved and was able to communicate with him, thus quelling Barrs' initial concerns. Barrs therefore did not request any further evaluations of the petitioner's competency.

The habeas court, after hearing the testimony of Barrs and on the basis of the evidence presented, concluded that the petitioner had failed to carry his burden of proof under *Strickland* as to the allegation that Barrs should have requested additional competency examinations. The court found, and we agree, that the petitioner failed to present credible evidence at the habeas proceedings that he "was not mentally competent throughout the underlying criminal trial." After reviewing the record, we cannot conclude that the court's factual

the court did not address it, we decline to afford it review. See *Kelley* v. *Commissioner of Correction*, 90 Conn. App. 329, 335, 876 A.2d 600, cert. denied, 276 Conn. 909, 886 A.2d 423 (2005).

[7] Jury selection began on March 1, 2000, and the presentation of evidence commenced on April 3, 2000. The petitioner was sentenced in June, 2000.

[8] At the habeas trial, the following colloquy occurred between Barrs and the petitioner's habeas counsel:

"Q. Now, so you had about a month, at least three weeks between the end of jury selection and the start of evidence. Is that correct?

"A. That's correct.

"Q. Okay. Based on [the petitioner's] mental health history and the problems that you had during jury selection, did you consult with any mental health experts in those intervening three weeks to make sure [the petitioner] was competent to go forward with trial?

"A. We didn't have any problems with him during jury selection, so that's why we didn't."

findings are clearly erroneous. We agree with the court that the petitioner failed to rebut the strong presumption that Barrs' performance during the criminal trial fell within the wide range of reasonable professional assistance. Accordingly, the court properly concluded that the petitioner failed to satisfy his burden of establishing that Barrs rendered ineffective assistance in failing to request additional competency examinations.

The judgment is reversed only as to the petitioner's claim of ineffective assistance of counsel concerning the application for sentence review and the case is remanded with direction to render judgment granting the petition for a writ of habeas corpus as to that claim only and restoring the petitioner's right to apply for sentence review. The judgment is affirmed in all other aspects.

In this opinion the other judges concurred.