******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PETER SAUNDERS *v.* COMMISSIONER
OF CORRECTION
(AC 36744)

Gruendel, Beach and West, Js.

*Argued January 12—officially released May 12, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Cobb, J.)

*Michael Zariphes*, assigned counsel, for the appellant (petitioner).

*Lawrence J. Tytla*, supervisory assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (respondent).

*Opinion*

BEACH, J. The petitioner, Peter Saunders, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in (1) denying his petition for certification to appeal, and (2) (a) denying his trial counsel's motion for a continuance and (b) dismissing the petition for a writ of habeas corpus on the day the habeas trial was scheduled to occur. Under the unique circumstances of this case, and in light of the concession by the respondent, the Commissioner of Correction, we exercise our supervisory powers[1] and remand this matter to the habeas court for consideration of a motion to open.

In November, 2010, the petitioner pleaded guilty to the crime of possession of child pornography in the second degree in violation of General Statutes § 53a-196 (e). In accordance with the plea agreement, the petitioner was sentenced to ten years imprisonment, execution suspended after four years, followed by four years probation and ten years of sex offender registration.

The petitioner filed a pro se petition for a writ of habeas corpus in 2012. He later was appointed habeas counsel, who filed the operative amended habeas petition. The petitioner's habeas counsel and the respondent's counsel agreed to a scheduling order that specified, among other things, that the trial date was set for March 18, 2014. The order, which was dated May 13, 2013, and signed by the court, stated: "Failure to comply with this order may result in sanctions, judgment of dismissal or default."

The petitioner alleged in his amended petition that his trial counsel was ineffective in various ways during pretrial and the plea process. On February 19, 2014, prior to trial, the petitioner, acting on his own behalf, filed a motion to discharge his habeas attorney on the ground that the petitioner was pursuing a legal malpractice action against the attorney.[2] On March 12, 2014, the court, *Bright, J.*, held a hearing on the motion. The petitioner's habeas counsel was present, but the petitioner, who was no longer in the custody of the Department of Correction, was absent. The court stated that the matter had been scheduled to begin at 10 a.m., that the petitioner had notice of the hearing, and that the petitioner had telephoned the court indicating that he would arrive at the court at about 10:30 a.m. The court stated, "I've waited now and it is 11:30 . . . an hour and a half past the time this matter was scheduled to go forward, and the court simply cannot wait all day for whenever [the petitioner] is able to get here." The court proceeded with the hearing and denied the petitioner's motion to discharge counsel. The petitioner's

counsel indicated that he and his investigator had the information that he thought was necessary to present the petitioner's habeas claim, and stated that "[u]nfortunately, [the petitioner] has not been responsive since October, 2013." The court asked the petitioner's counsel if he was ready to go to trial on March 18; the petitioner's counsel answered affirmatively.

On March 18, 2014, the day that trial was to begin, the petitioner's habeas counsel was present, but the petitioner was not. The petitioner's habeas counsel informed the court, *Cobb, J.*, that "my client . . . calls me yesterday . . . and he said he's in the hospital. I don't know whether it was Saint Francis or Mount Sinai . . . he mentioned and he requested that I ask Your Honor, the court, for continuation." The court inquired whether the petitioner's counsel had any written proof that the petitioner was in a hospital, and the petitioner's counsel responded that "[a]ll I have is his phone call, Your Honor." The court stated: "I note that last week there was a hearing before Judge Bright on the petitioner's motion to dismiss his counsel. The petitioner did not show up for that, either, although he indicated he was coming. The court waited an hour and a half, and he never showed up. Given this track record and the fact that he's not here today without any proof that he is in fact in the hospital, the court is going to dismiss the petition." A judgment of dismissal, rendered the same day, indicated that "in accordance with Connecticut Practice Book § 23-29 (5),[3] the case was dismissed due to the petitioner's failure to appear and failure to prosecute."[4] (Footnote added.) The petitioner filed a petition for certification to appeal, which the court denied. This appeal followed.

The petitioner claims that the court abused its discretion in denying certification to appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Day* v. *Commissioner of Correction*, 151 Conn. App. 754, 757, 96 A.3d 600, cert. denied, 314 Conn. 936, 102 A.3d 1113 (2014). We conclude that the court did not

abuse its discretion as to the issues before the court at the time it rendered its decision.

The petitioner claims that the court erred in denying his motion for a continuance because he was having difficulties with his habeas counsel and had tried to remove him from the case, the petitioner timely telephoned his habeas counsel about his hospital admittance and his habeas counsel communicated such to the court as soon as he could practically do so, the petitioner appeared in the court through his counsel, and the petitioner's counsel asserted the reason for the petitioner's absence in good faith.

Our standard of review for the denial of a motion for a continuance is abuse of discretion. See *Hamlin* v. *Commissioner of Correction*, 113 Conn. App. 586, 592–93, 967 A.2d 525 ("It is well settled that [t]he determination of whether to grant a request for a continuance is within the discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. . . . [O]n appeal, we . . . must determine whether the trial court's decision denying the request for a continuance was arbitrary or unreasonabl[e]. . . . [T]he right of a [petitioner] to a continuance is not absolute and the propriety of a denial of one is to be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." [Citations omitted; internal quotation marks omitted]), cert. denied, 291 Conn. 917, 970 A.2d 728 (2009).

On the facts disclosed by the record in this case, the court's denial of the motion for a continuance was not an abuse of discretion. "We are especially hesitant to find an abuse of discretion where the court has denied a motion for continuance made on the day of the trial." (Internal quotation marks omitted.) Id., 593. The court additionally considered a history of unexplained absence and an undocumented and vague suggestion that the petitioner was detained for medical reasons. The dismissal apparently was without prejudice, in that the case was not decided on the merits. The propriety of the denial of the motion for a continuance is intertwined with the dismissal on the merits; the reasons for denying the continuance are coterminous with the reasons for dismissing the case. Here, the scheduling order specified that sanctions, including a dismissal, might be imposed if the scheduling orders, which included a trial date of March 18, 2014, were not obeyed. It appears from the record that the petitioner was expected to be present in court on March 18, 2014, for the start of the habeas trial. Although the physical presence of the petitioner is ordinarily not necessarily required, there was, in this case, a history of unexplained absence and, apparently, a shared belief that the case could not proceed without him. There was no request to proceed in his absence.[5] In its judgment of dismissal, the court

explained that the case was dismissed under the catch-all provision of Practice Book § 23-29 (5) for the petitioner's failure to appear and failure to prosecute. To the extent that the dismissal of the petition was a sanction, we cannot say that the court abused its discretion in dismissing the case under that subdivision. See, e.g., *Mozell* v. *Commissioner of Correction*, 147 Conn. App. 748, 759–60, 83 A.3d 1174 (abuse of discretion standard applied to review of dismissal under § 23-29 [5]), cert. denied, 311 Conn. 928, 86 A.3d 1057 (2014).

We do not, then, find error in the decisions of the habeas court. In the most unusual circumstances of this case, however, that does not end the inquiry. During oral argument, the petitioner's counsel, who, of course, is an officer of the court, represented to the court that the petitioner, on his own behalf, had attempted to file a motion to open after his attorney filed this appeal, but the petitioner had not been permitted to file it. See Practice Book § 62-9A. The record does not reflect that any motion to open was successfully filed.[6] The respondent mentions the motion to open in his brief,[7] but notes that it was not pursued. The respondent in oral argument before this court agreed that it would be appropriate, in the interests of justice, to remand this matter to the habeas court for a hearing to determine whether the petitioner's absence on the day of trial was justified and whether the matter should be opened.[8] Under these circumstances, we conclude that this matter should be remanded to the habeas court for the resolution of matters raised in a motion to open. See *Campbell* v. *Commissioner of Correction*, 121 Conn. App. 576, 580, 997 A.2d 543 (2010) (court's dismissal of habeas petition premised on inaccurate and incomplete information and respondent agreed matter should be remanded in interest of justice).

The case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] See Practice Book § 60-2 (8) (applicable to appeals filed after July 1, 2013).

[2] The motion indicated that the basis for the complaint was that his habeas counsel had made a false statement to the court in January, 2014, during argument on a motion for a continuance, when he stated that his investigator was "in the process of obtaining hospital and clinic[al] medical records." (Internal quotation marks omitted.) The petitioner argued in the motion that the attorney's statement was false because there had been an "ongoing problem": his habeas counsel and the investigator had failed to have the petitioner sign medical release forms, thus making it impossible for habeas counsel to obtain medical records, which were "critical" to the case.

[3] Practice Book § 23-29 provides in relevant part: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (5) any other legally sufficient ground for dismissal of the petition exists."

[4] The respondent argues in his brief that the habeas court's dismissal of the petition without prejudice was not a final judgment because the petitioner had the ability to move to open. We disagree. A final judgment existed when the habeas court dismissed the entire petition. See, e.g., *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 337 n.6, 888 A.2d 1131 (final judgment after entire petition denied), cert. denied, 277 Conn. 924, 895 A.2d 796 (2006). The denial of a motion to open is an appealable final

judgment; *Alix* v. *Leech*, 45 Conn. App. 1, 3, 692 A.2d 1309 (1997); and generally the granting of a motion to open is not a final judgment; *Byars* v. *FedEx Ground Package System, Inc.*, 101 Conn. App. 44, 46 n.2, 920 A.2d 352 (2007). The record does not reflect that a motion to open was successfully filed, much less acted upon. There is no question in this case that the petitioner has appealed from a final judgment.

[5] The petitioner also claims that the court erred in dismissing the case without holding an evidentiary hearing. The dismissal, however, was appropriate action pursuant to Practice Book § 23-29 (5), so that holding an evidentiary hearing, in the circumstances of this case, was not required.

[6] Different counsel represented the petitioner for the purpose of appeal, and there reportedly may have been some uncertainty as to whether trial counsel or appellate counsel had the responsibility to pursue a motion to open, if such a course was advisable. As a result, no counsel filed a motion.

[7] We note that the issue regarding the motion to open has not been preserved. We exercise our supervisory powers under *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 162, 84 A.3d 840 (2014), in the very unusual circumstances of this case. Factors justifying consideration in this case include the unsuccessful attempt of the petitioner to file the motion to open, the possibility that he was incapacitated at the time of the scheduled hearing, and the respondent's acquiescence.

[8] There may be situations in which dismissals are appropriate, but facts not known to the court at the time in fact explain and excuse apparent derelictions. In such situations, motions to open may well be entirely appropriate.

————————————————