ODILIO GONZALEZ *v.* COMMISSIONER OF
CORRECTION
(AC 29686)

Bishop, Lavine and Schaller, Js.

Argued September 8, 2009—officially released July 27, 2010

*Michael E. O'Hare*, supervisory assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, and *Gail P. Hardy*, state's attorney, for the appellant (respondent).

*Robert J. McKay*, special public defender, for the appellee (petitioner).

*Opinion*

LAVINE, J. The respondent, the commissioner of correction, appeals from the judgment of the habeas court granting the second amended petition for a writ of habeas corpus filed by the petitioner, Odilio Gonzalez. On appeal, the respondent claims that the court improperly concluded that the petitioner was denied the effective assistance of trial counsel because (1) the sixth amendment does not confer a right to the effective assistance of counsel in matters pertaining to credit for

presentence confinement and (2) the petitioner did not meet his burden of showing deficient performance by his counsel or prejudice as a result of any such deficiency. Counsel renders ineffective assistance in violation of the sixth amendment when, after the right to counsel has attached, he fails to request that bond in connection with his client's prior arrest be increased in order to maximize his client's presentence confinement credit, leading to the deprivation of his client's liberty. Accordingly, we affirm the judgment of the habeas court.[1]

The following facts are relevant to the respondent's claims on appeal. The petitioner was arrested on April 21, 2006, docket number CR-06-0599898-S, and charged with threatening in the second degree in violation of General Statutes § 53a-62 (first arrest). He was released later that same day on a $500 nonsurety bond. On May 31, 2006, the petitioner was arrested again and charged with breach of the peace in the second degree in violation of General Statutes § 53a-181 and criminal violation of a protective order in violation of General Statutes § 53a-223, docket number CR-06-0600923-S (second arrest). The petitioner was arraigned the following day, and the court set bond in the amount of $35,000. He remained in custody until the court reduced his bond on June 16, 2006, to a promise to appear. On January 12, 2007, the petitioner was arrested for a third time, docket number CR-07-0607605-S, and charged with criminal violation of a protective order in violation of § 53a-223 and harassment in the second degree in violation of General Statutes § 53a-183. He was arraigned, with his counsel present, on January 16, 2007, at which time the court set bond in the amount of $65,000 on

---

[1] At oral argument, this court requested that the parties submit supplemental briefing addressing the issue of whether this case was moot because no relief could be granted. After considering those briefs, we conclude that the case is not moot. Accordingly, we address the respondent's claims.

his January 12, 2007 arrest, and the petitioner remained in custody, unable to post bond (third arrest).

The petitioner's counsel, who represented the petitioner in all three matters, requested, on March 30, 2007, that the bonds in connection with the petitioner's first two arrests be increased so that the petitioner could receive presentence confinement credit for those arrests.[2] The court, *Ward, J.*, ordered that the petitioner's bonds resulting from the first two arrests be increased. On May 21, 2007, the petitioner, pursuant to a plea agreement, pleaded guilty to one count of violation of a protective order, arising out of the second arrest, and one count of threatening in the second degree, arising out of the first arrest. All other charges against him were nolled. The court, *White, J.*, sentenced the petitioner on June 11, 2007, to five years incarceration, execution suspended after one year, followed by three years probation for violation of a protective order to be served concurrently with one year of incarceration for threatening in the second degree. At no time did counsel request that the petitioner receive presentence confinement credit for the seventy-three day period

---

[2] General Statutes § 18-98d provides in relevant part: "(a) (1) Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (B) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement . . . .

"(c) The Commissioner of Correction shall be responsible for ensuring that each person to whom the provisions of this section apply receives the correct reduction in such person's sentence; provided in no event shall credit be allowed under subsection (a) of this section in excess of the sentence actually imposed."

between January 16 and March 30, 2007, for one of his first two arrests.

On January 7, 2008, the petitioner filed his second amended petition for a writ of habeas corpus, claiming that counsel was ineffective in failing to request that the petitioner's bond be increased prior to March 30, 2007, and by not asking the court at any time following March 30, 2007, to credit the petitioner with seventy-three days of presentence confinement credit. He argued that had counsel asked for the bond increase on January 16, 2007, or asked that the petitioner be credited with the seventy-three days of presentence confinement credit, the petitioner would have discharged his sentence seventy-three days earlier than calculated. Following a trial, the habeas court, *Schuman, J.*, found that the petitioner met his burden of proving that counsel's performance was deficient and ordered the respondent to credit the petitioner with seventy-three days of presentence confinement credit.[3] The habeas court granted the respondent's petition for certification to appeal, and this appeal followed.

I

The respondent first claims that the habeas court improperly concluded that the petitioner was denied

---

[3] The petitioner, in his habeas petition, alleged that counsel was ineffective not only in failing to request that the bonds for the petitioner's first two arrests be raised at the January 16, 2007 arraignment, but also in failing to request at sentencing that the petitioner be credited with seventy-three days of presentence confinement. The habeas court's decision, however, does not address this allegation. Although counsel, at sentencing, could have asked the court to take the petitioner's presentence confinement into account when calculating his total effective sentence; see *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 829 n.19, 950 A.2d 1220 (2008) (in determining term of sentence to impose, even if defendant has no right to credit for presentence incarceration, it is within trial court's discretion to consider such incarceration in its sentencing determination); the conclusion in this case rests solely on the argument that counsel was ineffective when, at the January 16, 2007 arraignment, he failed to request that bond in connection with the petitioner's prior arrests be increased in order to maximize the petitioner's presentence confinement credit.

the effective assistance of counsel because he had no sixth amendment right to the effective assistance of counsel for a matter pertaining to presentence confinement. Specifically, the respondent argues that the petitioner did not have a right to the effective assistance of counsel because the calculation of presentence confinement credit is not a critical stage of the proceedings.[4] The respondent mischaracterizes the issue to be decided, and his claim is therefore rejected.

The respondent argues that the petitioner was not entitled to effective assistance of counsel for matters pertaining to presentence confinement credit. He further contends that because the calculation and application of jail credits are posttrial administrative matters, the January 16, 2007 court proceeding was not a critical stage of the petitioner's prosecution for which he is guaranteed effective assistance of counsel. The respondent's focus on whether a matter pertaining to presentence confinement is a critical stage misses the mark.[5]

---

[4] The court acknowledges that the calculation of presentence confinement credit is administered by the department of correction. What is at issue in this case, however, is not the calculation itself but the claimed failure of counsel to take necessary steps during proceedings to protect his client's statutory right to receive his presentence confinement credit.

[5] The dissent accepts the respondent's characterization of the issue on appeal and analyzes the case accordingly. Cases that undertake a critical stage analysis, including *Rothgery* v. *Gillespie County*, 554 U.S. 191, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008), the case primarily relied on by the dissent, normally involve matters in which a defendant was denied access to counsel, did not have counsel present or was not himself present, at a critical stage of trial. See *United States* v. *Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984) (presumption that counsel's assistance is essential requires conclusion that trial unfair if accused denied counsel at critical stage of trial); *Rushen* v. *Spain*, 464 U.S. 114, 117, 104 S. Ct. 453, 78 L. Ed. 2d 267 (1983) (right to personal presence at critical stages of trial is fundamental right of criminal defendant).

This case, however, deals not with a petitioner who was denied access to counsel, but rather with a petitioner whose counsel failed to provide him effective assistance after his right to counsel had attached and counsel was present. The court therefore does not agree with the dissent that this claim presents a critical stage issue and declines to undertake any critical stage analysis.

The appropriate inquiry is whether the petitioner was entitled to the effective assistance of counsel at his January 16, 2007 arraignment and, if he had counsel, whether counsel was effective.

"The [s]ixth [a]mendment guarantees that [i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the [a]ssistance of [c]ounsel for his defence. . . . This right attaches only at or after the initiation of adversary judicial criminal proceedings— whether by way of formal charge, preliminary hearing, indictment, information, or *arraignment*. . . . The initiation of judicial criminal proceedings is far from a mere formalism. It is the starting point of our whole system of adversary criminal justice. For it is only then that the government has committed itself to prosecute, and only then that the adverse positions of [the] government and [the] defendant have solidified. It is then that a defendant finds himself faced with the prosecutorial forces of organized society, and immersed in the intricacies of substantive and procedural criminal law. It is this point, therefore, that marks the commencement of the criminal prosecutions to which alone the explicit guarantees of the [s]ixth [a]mendment are applicable. . . . We also have noted that the time of the attachment of the right to counsel under the federal constitution is no different under article first, § 8, of the constitution of Connecticut. . . .

"The United States Supreme Court has indicated that the sixth amendment's core purpose is to assure that in any criminal prosecutio[n] . . . the accused shall not be left to his own devices in facing the prosecutorial forces of organized society. . . . By its very terms, it becomes applicable only when the government's role shifts from investigation to accusation. For it is only then that the assistance of one versed in the intricacies . . . of law . . . is needed to assure that the prosecution's case encounters the crucible of meaningful

adversarial testing. . . . In this regard, [w]e have consistently adopted the reasoning of the United States Supreme Court with respect to when the sixth amendment right to counsel attaches in a criminal proceeding, finding that [n]o right to counsel attaches until prosecution has commenced." (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Pierre*, 277 Conn. 42, 92–93, 890 A.2d 474, cert. denied, 547 U.S. 1197, 126 S. Ct. 2873, 165 L. Ed. 2d 904 (2006).

"[I]t is the state's decision to move forward with the prosecution of the crimes charged in the information document, by *arraigning* the suspect and filing the information with the court, that signifies the state's commitment to prosecute as well as the initiation of the adversary judicial proceedings that trigger a defendant's right to counsel under the sixth amendment." (Emphasis added.) Id., 95. Our Supreme Court has cited with approval *Hamilton* v. *Alabama*, 368 U.S. 52, 54–55, 82 S. Ct. 157, 7 L. Ed. 2d 114 (1961), for the proposition that a criminal defendant enjoys the right to counsel at arraignment. *State* v. *Falcon*, 196 Conn. 557, 563–64, 494 A.2d 1190 (1985). "It is at this point in the process that the 'prosecutorial forces of organized society' aligned against the defendant, and the defendant actually found himself 'immersed in the intricacies of substantive and procedural criminal law,' thus warranting protection under the sixth amendment." *State* v. *Pierre*, supra, 277 Conn. 97. The petitioner's constitutional right to counsel had attached by the time of his arraignment.

Furthermore, "the right to counsel is the right to the effective assistance of counsel." (Internal quotation marks omitted.) *Strickland* v. *Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *McMann* v. *Richardson*, 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). "The right to counsel . . . would be meaningless unless it also implied the right to effective assistance of such counsel." *Andrades* v.

*Commissioner of Correction*, 108 Conn. App. 509, 515, 948 A.2d 365 (concluding that indigent criminal defendant has right to appointed counsel at sentence review), cert. denied, 289 Conn. 906, 957 A.2d 868 (2008).

Here, the petitioner had a sixth amendment right to be represented by counsel at his January 16, 2007 arraignment. He was represented by counsel at that arraignment. Because he had a right to counsel and was represented by counsel, the petitioner had a sixth amendment guarantee to the effective assistance of counsel. Having arrived at this conclusion, it must now be determined whether the habeas court was correct in finding that the petitioner was denied the effective assistance of counsel.

## II

The respondent claims that the habeas court improperly concluded that the petitioner was denied the effective assistance of trial counsel because the petitioner did not meet his burden of showing deficient performance by his counsel or prejudice resulting from any such deficiency. This claim must be rejected.

The following facts are relevant to the respondent's claim. During the habeas trial, attorney Bruce McIntyre, a criminal lawyer, testified on behalf of the petitioner.[6] McIntyre testified that he believed "it is within the range of competency for an attorney to address the bond issue with every client and, where appropriate, to have it raised to preserve and increase his pretrial credit."[7]

---

[6] The petitioner sought to have McIntyre deemed "an expert in the practice of criminal law and procedure in the part B and part A courts." The court explained that, according its understanding of the Connecticut Code of Evidence, it was unnecessary to label a person an expert. The court did, however, refer to McIntyre as an expert during the trial.

[7] The petitioner was the only other witness during the habeas trial. He testified that he had told counsel, prior to his accepting the plea agreement, that he would only plead guilty if he got his presentence confinement credit. He further stated that had he known he would not be credited with his presentence confinement, he would not have pleaded guilty and instead would have gone to trial.

In its oral decision, the habeas court noted: "The consequences to a petitioner are grave if he is detained in jail as opposed to being released. I don't see any difference in this case where the issue of bail had not been addressed the first time.[8] It still continued and should have been raised—it should have been raised the first time, actually. It was raised the second time in March, but it should have been raised in January." The court then stated that it could "see no strategic reason why [the] petitioner's defense counsel would not have asked for an increase of bond on January 16, 2007, when the petitioner was arraigned on the newest charges." Having found that the petitioner was denied his constitutional right to the effective assistance of counsel, the court ordered that the respondent credit the petitioner with seventy-three days of presentence confinement.[9]

"We begin our discussion by noting that the effectiveness of an attorney's representation of a criminal defendant is a mixed determination of law and fact that . . . requires plenary review . . . . The sixth amendment to the United States constitution guarantees a criminal defendant the assistance of counsel for his defense. U.S. Const., amend. VI. It is axiomatic that the right to counsel is the right to the effective assistance of counsel. . . . A claim of ineffective assistance of counsel consists of two components: a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel

---

[8] The court's terminology of "the first time" refers to the January 16, 2007 arraignment.

[9] The seventy-three days represent the time period between the petitioner's third arraignment on January 16, 2007, and the time when his counsel requested that the bonds be raised for the first two arrests on March 30, 2007. The petitioner accrued presentence confinement credit from March 30, 2007, through the date he was sentenced. That time period is not at issue in this appeal.

guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . The claim will succeed only if both prongs are satisfied." (Internal quotation marks omitted.) *State* v. *Brown*, 279 Conn. 493, 525, 903 A.2d 169 (2006). "It is well settled that [a] reviewing court can find against a petitioner on *either* ground, whichever is easier." (Emphasis in original; internal quotation marks omitted.) *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 832–33, 950 A.2d 1220 (2008).

## A

"Turning first to the performance prong, we note that the petitioner must show that [counsel's] representation fell below an objective standard of reasonableness in order to establish ineffective performance. . . . In other words, the petitioner must demonstrate that [counsel's] representation was not reasonably competent or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . In analyzing [counsel's] performance, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . The petitioner bears the burden of overcoming this presumption." (Citations omitted; internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 460, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006).

"Counsel . . . can . . . deprive a defendant of the right to effective assistance, simply by failing to render adequate legal assistance . . . ." (Citations omitted; internal quotation marks omitted.) *Strickland* v. *Washington*, supra, 466 U.S. 686. This case does not deal with an assertion that counsel failed to raise an exotic

legal theory or pursue a groundbreaking strategy. Nor does this case deal with a failure having only inconsequential impact. This case deals with an oversight that directly and adversely impacted the defendant's liberty. See *Bowen* v. *Johnston*, 306 U.S. 19, 26, 59 S. Ct. 442, 83 L. Ed. 455 (1939) ("[i]t must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired"); *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 679, 667 A.2d 304 (1995) ("[o]ur Supreme Court found that [t]he writ of habeas corpus . . . does not focus solely upon a direct attack on the underlying judgment or upon release from confinement . . . but is available as a remedy for issues of fundamental fairness implicating constitutional rights" [citation omitted; internal quotation marks omitted]).

The habeas court found that there was "no strategic reason why [the] petitioner's defense counsel would not have asked for an increase of bond on January 16, 2007, when the petitioner was arraigned on the newest charges."

The habeas court correctly determined that a reasonably competent attorney not only would have known to ask for an increase in bond, but also would have asked for bond to be increased during the petitioner's third arraignment, not two and one-half months later. No evidence to the contrary was presented at the habeas trial. Counsel's conduct fell below an objective level of reasonableness, as it was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law. The prejudicial effect of his performance must now be considered.

### B

"To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but

for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *State* v. *Brown*, supra, 279 Conn. 525. General Statutes § 18-98d (a) (1) provides in relevant part: "Any person who is confined to a community correctional center or a correctional institution for an offense committed on or after July 1, 1981, under a mittimus or because such person is unable to obtain bail or is denied bail shall, if subsequently imprisoned, earn a reduction of such person's sentence equal to the number of days which such person spent in such facility from the time such person was placed in presentence confinement to the time such person began serving the term of imprisonment imposed; provided (A) each day of presentence confinement shall be counted only once for the purpose of reducing all sentences imposed after such presentence confinement; and (B) the provisions of this section shall only apply to a person for whom the existence of a mittimus, an inability to obtain bail or the denial of bail is the sole reason for such person's presentence confinement . . . ." After the bonds in connection with the first two arrests were increased, the petitioner was unable to obtain bail and was eligible to receive presentence confinement credit for the time he spent in jail from March 30, 2007, until sentencing. Had counsel requested that the bonds be increased at the third arraignment on January 16, 2007, the petitioner would have been entitled to seventy-three additional days of presentence confinement credit. There can be no dispute that counsel's failure to request that the bonds be raised at the third arraignment prejudiced the petitioner by exposing him to seventy-three additional days in jail for which he received no credit. This being the case, the petitioner has satisfied his burden of proving that he was prejudiced by counsel's representation.[10]

_____

[10] The respondent makes no claim on appeal that the habeas court lacked the authority to order that the respondent credit the petitioner for his presentence confinement.

The judgment is affirmed.

BISHOP, J., concurred in the result.

BISHOP, J., concurring in result. In this habeas corpus action, the respondent, the commissioner of correction, advances two arguments challenging the habeas court's decision granting the petition for a writ of habeas corpus filed by the petitioner, Odilio Gonzalez. First, the respondent argues that "[b]ecause the calculation and application of jail credits are a posttrial, administrative matter, counsel's performance with respect to such credits cannot fall within the sixth amendment's guarantee of effective counsel at a criminal prosecution." Second, the respondent argues, in the alternative, that the habeas court was simply wrong in determining that the petitioner's trial counsel was ineffective by not assuring that bond had been raised, on the occasion of a third arrest, on the two previously pending files in which he later pleaded guilty. I write separately because I agree that the habeas court's decision should be affirmed, but I disagree with my colleagues' view of the record and, specifically, with their characterization of the issues on appeal.

As to the respondent's first claim, I find it more deft than persuasive. In focusing on the respondent's posttrial sentence calculation, this claim attempts to shift the focus from the pretrial conduct of trial counsel to the postconviction ministerial duty of the respondent, positing that, because the petitioner had no right to counsel at the moment at which the respondent calculated the petitioner's required period of confinement, he could not have been deprived of a constitutional right. This claim is wide of the mark. The petitioner has not asserted that the respondent's calculation was either incorrect or an act of discretion. To the contrary, it is plain that because the petitioner had not been held

in custody in lieu of bond on the two files in which he ultimately pleaded guilty, he was not statutorily entitled to pretrial jail credit on those files pursuant to General Statutes § 18-98d. The operative moment was not when the respondent made a necessary calculation, but, rather, as the court determined, on January 16, 2007, when the petitioner was arraigned in a third file and ordered held in lieu of bond. The habeas court determined, and I agree, that his trial counsel on all three then pending files should reasonably have sought an increase in bond with respect to each of the two files already pending so that, if convicted on any or both of those files, he would have received pretrial jail credit time as set forth in § 18-98d. Once the petitioner's trial counsel failed to do so, the calculation of his sentence without jail credit time was a foregone conclusion.[1] In sum, because the petitioner did not claim that he was entitled to counsel at the moment the respondent determined the application of § 18-98d, and the trial court made no such determination, the respondent's assertion that the petitioner had no such right is simply not responsive to the record.

The respondent's second argument is no more than a rehashing of facts and a disagreement with the conclusions drawn by the habeas court from the evidence. The respondent takes issue with the court's conclusion, supported by expert evidence at the habeas trial, that on January 16, 2007, trial counsel should have secured higher bonds on the two pending files in which he also represented the petitioner. The respondent argues: "The foremost concern of any competent defense attorney at this point would be avoiding a lengthy period of

---

[1] Additionally, to the extent that the respondent's argument rests, in any part, on the notion that a defendant no longer has the right to counsel in postjudgment discretionary sentencing procedures, the respondent fails to acknowledge that our Supreme Court has held that the constitutional and statutory right to counsel pertains to the discretionary process of sentence review. *Consiglio* v. *Warden*, 153 Conn. 673, 677, 220 A.2d 269 (1966).

incarceration for his client and not maximizing his client's credit for presentence confinement. While the failure to seek an increase in the previous bonds was an oversight, it was hardly an error so serious that [the] petitioner's counsel was not acting as the 'counsel' guaranteed by the sixth amendment." Noticeably, nowhere in this argument does the respondent claim that the petitioner had no constitutional right to counsel at his arraignment on the third charge and that his right to counsel did not pertain, as well, to the two previously pending files in which trial counsel also represented the petitioner. Because the respondent makes no such claim, I see no useful purpose in an analysis of whether this moment was a critical stage in the underlying criminal trial proceedings. And, because the respondent's claims are simply a refutation of the habeas court's well reasoned findings based on evidence credited by the court, I regard this part of the respondent's argument as no more than an effort to retry the factual issues on appeal, a function for which we have no charter. Accordingly, I respectfully concur that the judgment should be affirmed.

SCHALLER, J., dissenting. I respectfully disagree that the petitioner, Odilio Gonzalez, is entitled to habeas corpus relief on the basis of his claim of ineffective assistance of counsel. In his habeas petition, the petitioner claimed that he was denied the effective assistance of counsel because his attorney failed (1) to request increases in the petitioner's bail in two pending cases (docket number CR-06-0600923-S and docket number CR-06-0599898-S), in which the attorney had represented him, as soon as bond was set in a third case (docket number CR-07-0607605-S), in order to qualify him for presentence confinement credit with respect to the two earlier cases and (2) to request, at sentencing, that the petitioner receive presentence confinement

credit for the period of time between January 16 and March 29, 2007. The petitioner claimed that, as a result of counsel's failure to act, he was deprived of seventy-three days of presentence confinement credit, representing the period of time that elapsed before counsel obtained an increase in bail in the earlier two cases.

The habeas court granted the petition for a writ of habeas corpus, finding in its oral decision that counsel's performance was deficient and that it caused prejudice to the petitioner. In addressing counsel's performance, the habeas court focused its attention on counsel's performance at the bail hearing. The court found that counsel promptly should have asked for an increase in bail in the first two of the three cases. As to prejudice, the habeas court stated: "I should make clear that not only have I found deficient performance, but I have found prejudice and the prejudice is the loss of the seventy-three day jail credit in the Hartford cases." In sum, the habeas court premised its determination solely on the rationale that the petitioner's constitutional right to the effective assistance of counsel under the *Strickland* test[1] applied to the initial bail hearing, as well as all subsequent bail hearings. It is noteworthy that, although the habeas court, thereby, addressed the issue of when sixth amendment rights *attach* in a criminal proceeding, it made no mention of whether qualifying the petitioner for later presentence confinement credit at a bail hearing constituted a *critical stage* of the criminal proceeding. As a remedy, the habeas court determined that "[t]he most commensurate remedy here is to order the respondent warden . . . to credit the petitioner with the seventy-three days of pretrial time . . . ."

---

[1] See *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which requires a petitioner to establish both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense.

In challenging the habeas court's decision, the respondent first claims that the petitioner had no right to the effective assistance of counsel for a matter pertaining to pretrial confinement credit because the calculation of presentence confinement credit is a posttrial matter and, therefore, the issue cannot be a critical stage of the proceedings, regardless of when it arises.[2] The respondent also claims that counsel's performance was not deficient and did not cause prejudice to the petitioner.

I

Unlike the principal opinion, I believe that the respondent's characterization of the issue, of whether a matter pertaining to presentence confinement is a critical stage, is the appropriate inquiry to determine whether the petitioner was entitled to counsel under the sixth amendment, and, therefore, entitled to effective assistance of counsel. I believe that two separate and distinct inquiries must be made in determining whether the petitioner was entitled to counsel under the sixth

[2] I note that I disagree with the concurrence's characterization of the respondent's issue on appeal. I agree that the habeas court determined that the "trial counsel on all three then pending files should reasonably have sought an increase in bond with respect to each of the two files already pending so that, if convicted on any or both of those files, he would have received pretrial jail credit time as set forth in [General Statutes] § 18-98d." I believe, however, that the respondent has sufficiently challenged this determination by the habeas court on appeal. Specifically, the respondent claims in his statement of issues the following: "Whether the habeas court erred in ruling that the petitioner was denied his right to effective assistance of counsel when his attorney failed to request that his bond be raised after he was arrested and held in lieu of bond in another case." I agree with the concurrence that the respondent's argument as to why the petitioner was not entitled to claim ineffective assistance of counsel pursuant to the sixth amendment focused on the calculation of the presentence confinement credits. I believe that the respondent's argument does not limit our review of his underlying claim. Therefore, I review the respondent's claim, that is, whether the petitioner was entitled to claim ineffective assistance of counsel pursuant to the sixth amendment for counsel's failure to request an increase in bond in two pending cases.

amendment. See *Rothgery* v. *Gillespie County*, 554 U.S. 191, 212, 128 S. Ct. 2578, 171 L. Ed. 2d 366 (2008) ("[t]he question whether arraignment signals the initiation of adversary judicial proceedings . . . is distinct from the question whether the arraignment itself is a critical stage requiring the presence of counsel" [internal quotation marks omitted]); see also id., 213–14 (Alito, J., concurring) ("[T]he term 'attachment' signifies nothing more than the beginning of the defendant's prosecution. It does not mark the beginning of a substantive entitlement to the assistance of counsel."). These two inquiries are, first, whether the sixth amendment right to counsel has attached and, second, if the sixth amendment right to counsel has attached, whether the events alleged constitute a critical stage of the proceedings.[3]

---

[3] I disagree with the principal opinion's reasoning that critical stage analysis is not required in this case. Specifically, the principal opinion states: "Cases that undertake a critical stage analysis . . . normally involve matters in which a defendant was denied access to counsel, did not have counsel present or was not himself present, at a critical stage of trial. . . . This case, however, deals not with a petitioner who was denied access to counsel, but rather with a petitioner whose counsel failed to provide him effective assistance after his right to counsel had attached and counsel was present. This court does not agree with the dissent that this claim presents a critical stage issue and declines to undertake any critical stage analysis." (Citations omitted.) When a defendant is denied access to counsel, the question for the court is whether the defendant is entitled to counsel pursuant to the sixth amendment to the United States constitution. The sixth amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const., amend. VI. In *Strickland* v. *Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the court stated that in previous cases it had "recognized that the right to counsel is the right to the effective assistance of counsel." (Internal quotation marks omitted.) Because an ineffective assistance of counsel claim stems from the petitioner's right to counsel, if a petitioner is not entitled to counsel pursuant to the sixth amendment, his claim for ineffective assistance of counsel must fail. Therefore, the critical stage analysis used to determine whether a petitioner is entitled to counsel pursuant to the sixth amendment is appropriate in determining whether a petitioner may make a claim for ineffective assistance of counsel. Furthermore, this court has recognized that ineffective assistance of counsel claims have to involve allegations of ineffectiveness that occurred during a critical stage of the proceedings. See *Ebron* v. *Commissioner of*

## A

I agree with the principal opinion's statement, based on relevant case law, that "the petitioner's constitutional right to counsel had attached by the time of his arraignment." Having determined that the sixth amendment right attaches at arraignment, the appropriate inquiry is whether the function of counsel to maximize the later calculation of the presentence confinement credit constitutes a critical stage if it occurs during pretrial or trial proceedings. See *Rothgery* v. *Gillespie County*, supra, 554 U.S. 212 ("[o]nce attachment occurs, the accused at least is entitled to the presence of appointed counsel *during any 'critical stage'* of the postattachment proceedings" [emphasis added]).

## B

The appropriate inquiry in this case is to determine the narrow question of whether the function of counsel to maximize a future calculation of the petitioner's presentence confinement credit constitutes a critical stage if it occurs during pretrial or trial proceedings. See id. ("what makes a stage critical is what shows the need for counsel's presence").

Whether a particular matter rises to the *critical stage* level depends, not on timing, but on the nature of the matter—in particular, whether it involves protecting the defendant's vital interests by way of defense in the course of the adversarial confrontation between the defendant and the government. In this regard, the

*Correction*, 120 Conn. App. 560, 567, 992 A.2d 1200 (2010) ("[o]ur Supreme Court has recognized that pretrial negotiations implicating the decision of whether to plead guilty *is a critical stage, and, therefore, a defendant is entitled to adequate and effective assistance of counsel* at this juncture of the criminal proceedings" [emphasis added; internal quotation marks omitted]). Therefore, I believe that the question of when the sixth amendment right *attaches* is separate and distinct from the question of whether every matter that arises after the right to counsel attaches constitutes a *critical stage* requiring the effective assistance of counsel.

Supreme Court of the United States has stated that "cases have defined critical stages as proceedings between an individual and agents of the State (whether 'formal or informal, in court or out,' see *United States* v. *Wade*, 388 U.S. 218, 226 [87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967)]) that amount to 'trial-like confrontations,' at which counsel would help the accused 'in coping with legal problems or . . . meeting his adversary . . . .' " (Citations omitted.) *Rothgery* v. *Gillespie County*, supra, 554 U.S. 212 n.16. The purpose of the sixth amendment right to counsel is "to protect the fundamental right to a fair trial." (Internal quotation marks omitted.) *Lockhart* v. *Fretwell*, 506 U.S. 364, 368, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), quoting *Strickland* v. *Washington*, 466 U.S. 668, 684, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The Supreme Court also has explained the purpose of extending the right to counsel before trial. Specifically, in *United States* v. *Ash*, 413 U.S. 300, 309–12, 93 S. Ct. 2568, 37 L. Ed. 2d 619 (1973), the court stated: "This historical background suggests that the core purpose of the counsel guarantee was to assure Assistance at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor. Later developments have led this Court to recognize that Assistance would be less than meaningful if it were limited to the formal trial itself.

"This extension of the right to counsel to events before trial has resulted from changing patterns of criminal procedure and investigation that have tended to generate pretrial events that might appropriately be considered to be parts of the trial itself. At these newly emerging and significant events, the accused was confronted, just as at trial, by the procedural system, or by his expert adversary, or by both. In *Wade*, the Court explained the process of expanding the counsel guarantee to these confrontations: When the Bill of Rights was

adopted, there were no organized police forces as we know them today. The accused confronted the prosecutor and the witnesses against him, and the evidence was marshalled, largely at the trial itself. In contrast, today's law enforcement machinery involves critical confrontations of the accused by the prosecution at pretrial proceedings where the results might well settle the accused's fate and reduce the trial itself to a mere formality. In recognition of these realities of modern criminal prosecution, our cases have construed the Sixth Amendment guarantee to apply to critical stages of the proceedings. . . .

"The Court consistently has applied a historical interpretation of the guarantee, and has expanded the constitutional right to counsel only when new contexts appear presenting the same dangers that gave birth initially to the right itself." (Citation omitted; internal quotation marks omitted.)

In this case, the presentence credit matter did not involve any action on the part of counsel. Rather, it involved inaction on the part of counsel, with respect to two pending cases, in which the petitioner had been released on bail and on a promise to appear. Because neither the calculation of presentence confinement credit, pursuant to General Statutes § 18-98d, nor earlier preservation or enhancement of the credit constitutes a proceeding that *affects the accused's trial rights or his right to a defense* in any of his pending cases, neither is a critical stage matter that entitles the petitioner to habeas relief.[4] In light of the purposes of the sixth

---

[4] I recognize that obtaining the maximum credit for presentence confinement is beneficial to the petitioner. The sixth amendment, however, guarantees only the "right . . . to have the assistance of counsel for his defense." U.S. Const., amend. VI. " '[D]efence' means defense at trial, not defense in relation to other objectives that may be important to the accused." *Rothgery* v. *Gillespie County,* supra, 554 U.S. 216 (Alito, J., concurring); see also id., 235 (Thomas, J., dissenting) ("[W]e have never suggested that the accused's right to the assistance of counsel 'for his defence' entails a right to use counsel as a sword to contest pretrial detention. To the contrary, we have

amendment right to counsel, it is clear that a failure of counsel to request an increase in bail on the petitioner's cases does not amount to ineffective assistance in a "trial-like [confrontation]"; (internal quotation marks omitted) *Rothgery* v. *Gillespie County*, supra, 554 U.S. 212 n.16; or involve the petitioner's right to a fair trial. I am not aware of any authority—federal or state—that so holds. Certainly, none of the cases submitted by the petitioner, relied on by the habeas court or cited by the principal opinion, supports that proposition. The closest analogies that appear to illustrate the trial-related rationale involve proceedings under rule 35 (b) of the Federal Rules of Civil Procedure, as argued by the respondent. In *United States* v. *Palomo*, 80 F.3d 138, 142 (5th Cir. 1996), the court held that a rule 35 (b) proceeding is "not a trial-related proceeding and no Sixth Amendment right to counsel attaches at this stage." In *United States* v. *Nevarez-Diaz*, 648 F. Sup. 1226, 1230 (N.D. Ind. 1986), the District Court held similarly. In conclusion, if a matter does not implicate the right to counsel under the sixth amendment, regardless of when it is raised, there can be no deprivation of such right. See *Wainwright* v. *Torna*, 455 U.S. 586, 587–88, 102 S. Ct. 1300, 71 L. Ed. 2d 475 (1982).

## II

Even assuming for purposes of argument that the petitioner was entitled to counsel under the sixth amendment during pretrial or trial to maximize the later calculation of the petitioner's presentence confinement credit, I disagree with the principal opinion that the

flatly rejected that notion, reasoning that a defendant's liberty interests are protected by other constitutional guarantees."). Last, "the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, although that is a goal of considerable importance to the legal system. The purpose is simply to ensure that criminal defendants receive a fair trial." *Strickland* v. *Washington*, supra, 466 U.S. 689.

habeas court correctly determined that the petitioner satisfied both the performance and prejudice prongs of the *Strickland* test for ineffective assistance of counsel.[5]

Although I agree with the habeas court that counsel's failure to seek increased bail promptly was an oversight on the part of the attorney, I do not believe that it rises to the level of a constitutional deficiency. Our case law is clear, moreover, that "[t]he right to counsel . . . is the right to effective assistance and not the right to perfect representation." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 701, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). To satisfy the performance prong, the petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the Sixth Amendment." (Internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 458, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006). As stated in *Strickland*, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. In every case the court should be concerned with whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." *Strickland* v. *Washington*, supra, 466 U.S. 696.

On the basis of the foregoing, I conclude that the petitioner's trial counsel did not provide constitutionally deficient performance, nor has the petitioner shown that the result of the particular proceeding is unreliable. Because the petitioner has failed to satisfy the first

---

[5] See footnote 1 of this dissent.

prong of the *Strickland* test for ineffective assistance of counsel, I need not analyze whether counsel's performance unfairly prejudiced the petitioner. See *Washington* v. *Commissioner of Correction*, 287 Conn. 792, 835–36, 950 A.2d 1220 (2008).

I respectfully submit that the principal opinion affirms the result and remedy ordered by the habeas court in the absence of a clear and consistent rationale for doing so. Because I believe that no basis exists for sustaining the habeas court's decision, regardless of how the original issue is construed, I would reverse the judgment of the habeas court.

For the foregoing reasons, I respectfully dissent.

